Darrel Wayne HILL, #74330, Petitioner,

v.

Ray H. PAGE and the State of Oklahoma, Respondents.

No. A—14098.

Court of Criminal Appeals of Oklahoma.

Feb. 1, 1967.

Darrel Wayne Hill, petitioner, pro se.

W. H. Parker, County Atty., Atoka County, Atoka, G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

Darrel Wayne Hill has filed his application herein for release from confinement in the State Penitentiary, by writ of habeas corpus.

Petitioner, who was serving a term in the State Penitentiary, escaped while serving at the sub-station in Atoka County. He was captured, charges filed against him, and he was tried and sentenced to serve two additional years by reason of such escape conviction.

Petitioner complains that he did not have an attorney at his hearing before the justice of the peace, that his rights were not explained to him, and that a bond was not set for him in the district court.

A response has been filed by the county attorney of Atoka County, to which is attached copy of the minutes of the district court of Atoka County. The records before us show that the judge of the district court fully explained petitioner's rights to him, and appointed an attorney to represent him.

Under the well established law of Oklahoma, the defendant and his counsel could have raised any defect in the preliminary proceedings prior to or at arraignment in the district court. It is the opinion of the Court that when the petitioner, while being represented by reputable counsel, entered a plea of guilty to the charge in the district court, and did not subsequently withdraw the same, such conduct amounted to a waiver of any defects in the preliminary hearing. Winchester v. State (Page), Okl.Cr., 403 P.2d 257; Speer v. Page, Okl. Cr., 415 P.2d 176.

The district court of Atoka County had jurisdiction of the petitioner, jurisdiction of the crime charged, authority to pronounce the sentence, and did not exceed his authority in so doing.

The writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.